# Exhibit N

Declaration of Angela M. Bean
In Re: U.S. v. Abel Lopez-Menera
CR-07-0653-S

1. I am an attorney admitted to the State Bar of California (112787) since 1984. I am a certified specialist in Immigration and Nationality Law by the California State Bar's Board of Legal Specialization. I have previously taught immigration law at the University of California's Boalt Hall School of Law and am a member of the American Immigration Lawyer's Association.

2. Mr. Abel Lopez-Menera is charged with illegal reentry after deportation in violation of 8 U.S.C. §1326. The deportation in question took place on or about October 16, 1998 after an Immigration Judge from El Centro ordered Mr. Lopez deported in Calipatria on September 24, 1998.

3. Prior to the removal Mr. Lopez was convicted of Driving under the Influence in violation of Section 23152(b) of the California Vehicle Code for which he was sentenced to two years in state custody. In spite of his long sentence, Mr. Lopez was not convicted of an aggravated felony.

4. Mr. Lozano originally entered the United States in 1989 and lived here as a young adult. At the time of his first removal hearing, Mr. Lozano was eligible for voluntary departure under 8 U.S.C. 1229c(a)(1) for a period of 120 days. This is known as prehearing voluntary departure and good moral character is not a statutory requirement of prehearing voluntary departure. All that is required is that the alien pay his own way out of the United States, that he not be an aggravated felon, and that he has not been previously granted voluntary departure after having been found inadmissible under Section 212(a)(6)(A). See Immigration and Nationality Act Section 240B(a) and 240B (c) for aliens not eligible for voluntary departure. There is nothing in the record to show that Mr. Lopez was previously granted Voluntary Departure prior to 1998.

5. In my review of Mr. Lopez's immigration file, I did not see any indication that he was informed of his right to seek voluntary departure or that he knowingly or intelligently waived such right in September of 1998. It was clear that in the hearing before the Immigration Judge that the Judge took the time to ask Mr. Lopez if he had United States Citizen children and even informed them when the oldest who was seven years old turned twenty-one years old, that he could immigrate his father, the respondent.

6. The Immigration Judge should have informed the respondent of his right to prehearing voluntary departure, especially knowing that he had a potential means to immigrate in the future and the benefit of taking a voluntary departure over a deportation was an important benefit.

7. The immigration judge then asked the respondent what he was "in for", presumably referring to his incarceration in Calipatria. The respondent informed him that it was for driving drunk and "possession of drug". This was not correct, and the government made no attempt to correct the record. Nor did the Immigration Judge apparently review the record either. The respondent was not convicted of a drug offense, but only driving under the influence.

8. Had Mr. Lopez been informed of his rights to various forms of relief in September of 1998, he might have requested voluntary departure and been granted same, especially since he could have obtained assistance in obtaining the funds to reimburse the government for his passage to Mexico. This was especially valuable to him since he did not have any deportation orders at that time and was not convicted of an aggravated felony. Moreover, in spite of the notation on the Record of Deportable Alien (Form I-213) of no ties or equities, there was ample evidence in the record to indicate that Mr. Lozano had close family ties in the United States. Even if the judge could not grant him permanent status, had Mr. Lopez

been told to apply for and been granted voluntary departure, he would not have been deported.

I swear under penalty of perjury that the declaration above is true and correct, and that the legal conclusions herein are correct to the best of my knowledge, based on the information provided and set firth herein.

*Angela M. Bean*

---

Angela M. Bean
Attorney at Law
Oakland, California
November 30, 2007