ORIGINAL



FILED
07 NOV 30 PM 2:02

1  BARRY J. PORTMAN
   Federal Public Defender
2  ELIZABETH M. FALK
   Assistant Federal Public Defender
3  19th Floor Federal Building – Box 36106
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   Telephone: (415) 436-7700
5
   Counsel for Defendant LOPEZ-MENERA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR- 07-0653 SI |
|---|---|
| Plaintiff, | ) |
| vs. | ) DECLARATION OF ELIZABETH M. FALK<br>) IN SUPPORT OF MOTION TO DISMISS |
| ABEL LOPEZ-MENERA, | ) |
| Defendant. | ) |

I, Elizabeth M. Falk, DECLARE

1. I am an Assistant Federal Public Defender and am counsel of record for Mr. Lopez-Menera in the aforementioned action;

2. I gave my secretary, Amy Jo Lucas, a copy of the CD that I obtained from the government that contains the audio recording of Mr. Lopez-Menera's deportation hearing in the above entitled case and asked her to prepare a transcription of the tape for the Court's convenience;

3.  Once she prepared the transcription, I reviewed the transcription and compared it to the audio recording;

4.  To the best of my ability, I verified the transcription Ms. Lucas prepared and added additional transcription that I could ascertain;

5.  Attached as Exhibit A is a final copy of the transcription. This document is prepared to the best of my ability. At many points in the audio recording, the Spanish Interpreter spoke over the Immigration Judge ("IJ") and as such, it was difficult to understand what the IJ was saying. Any portions of the audio recording that I could not understand are indicated on the transcription with a "UI" ("unidentified"). Moreover, for the Court's convenience, I added the time stamps in front of various paragraphs of the translation, so the Court can easily find the sections on the audio CD necessary for a determination of Mr. Lopez-Menera's motion;

6.  Attached as Exhibit B in a manilla envelope is a copy of the CD of the hearing, which was received from the government in discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Sworn this 30th day of November, 2007, at San Francisco, California.

*Elizabeth M. Falk*
ELIZABETH M. FALK
Assistant Federal Public Defender

# Exhibit A

IJ:    Immigration Judge
LM:    Abel Lopez-Menera


(:06)   IJ:    This is United States Immigration Judge Michael Leary.

Conducting intial group removal proceedings at Calapatria State Prison in California. 24th, September, 1998. In the following matter, Ernesto Para-Jiminez, 17919025 72919025; (UI) Gutierrez 7385713; Juan (Llamas?) Mendoza, 76697142; Jose Jesus (UI) 92650350; Jose Hernendez Martinez, 76685376; Jorge Alberto Chavarro, 91998383; Javier (UI) 91695403; Antonio Garcia Hernandez, 76697432; Jesus Romo (UI ?Arenando?), 17844435; Jesus Gutierrez (UI), 76697535; Joshua Marquez Ponce, 76693593; Diego Lopez Lopez, 92749595; Abel Lopez-Menera, 75540628; Julio Mendoza Ramirez, 39720717; Manuel (UI), 75188731; Jose Sanchez Calezar, 37725850; Sherman Gordon, Michael Sherman Gordon, 39835948; Gerardo Juarez Mandrigal, 93985965; and Jose (UI) Gonzalez, 76342996.

(1:46)   Gentlemen. This is your removal proceeding. In each of your cases with Immigration Services, there is a charging documents (with?) a notice to appear. I'm holding one aloft just like this. The Immigration Services gave you each a copy of the documents filed in your case. (UI) document contains allegations and charges against each of you which if true will subject you to being removed from the United States. When I question you individually, I will go over charges in your case.

(2:23)   However, generally those charges fall into two categories. Whether you are legally in the United States, or are illegally in the United States. A proper way to enter to the United States from Mexico through a port of entry along the border. At the port of entry you would present for inspection to Immigration. And after inspection you either admitted or paroled into the United States, or refused admission.

(2:54)   In many of your cases the immigration service did not do that. Rather than going through a port of entry you went to a location other than a port of entry, a hole in the fence, (UI) you entered illegally. You avoided inspection, and thus you were never properly admitted or paroled into the United States. At this time you would still be seeking admission to the United States legally, and the charge against you would be that you are an alien present in the United States, without having been properly admitted or paroled.

(3:32)   In some cases you may be here legally, as a lawful permanent resident. Obviously you were in a prison, and you may have committed a crime so serious are to warrant your removal from the United States, in addition to your imprisonment

|  |  |
|---|---|
|  | that you're undergoing. Those crimes can fall into two categories. One is an aggravated felony. Aggravated felonies can involve drug trafficking. They can involve sexual offenses, or are offenses involving violence or theft, for which a particular sentence may be imposed. If you have been accused of being convicted of an aggravated felony, I will advise you of such, if you (UI) an aggravated felony (UI) however (UI) there is still any legal issues regarding that. Other type of (events?) can be a crime involving moral turpitude. These are crimes which are (?immoral?) to the American people. They can involve sexual offenses, or crimes involving theft or violence, and no particular sentence need be imposed. |
| (4:53) | When I speak to you individually, I will advise you again (UI) charges in your case and ensure that you understand them. Now the purpose of this hearing is to prove that the allegations and charges are correct. They way I'll do that is by asking you about them. I will ask you to please listen to your allegations. You may admit them or deny them. |
| (5:15) | You have an absolute right to deny the allegations. But if you deny all the allegations, immigration services need only prove that you are an alien. You must then prove to me that you entered the United States legally and give specific times, dates, and locations. If you can do that the immigration service may be required to give an additional reason why you should be removed from the United States. |
| (5:47) | If you admit the allegations, based upon your admissions alone, I can find that you're subject for removal and order you removed from the United States. Even if I did find you subject to removal, I'm going to conduct an individual inquiry into the allegations (UI) and (UI) be allowed to remain in the United States, even if everything the immigration services (UI) true. And I don't want to fool you, since you have been confined for very serious crimes, there may be no form of relief available to you. **But I will conduct an inquiry to ensure that if there is that kind of relief available to you, you are advised of that.** (Translator's Note: Emphasis added). |
| (6:42) | I will ask you about your family. Whether you're married to a United States citizen, lawful permanent resident, or have any children who are United States citizens or lawful permanent residents. I'll ask you about the first time you (UI) and whether either of your parents ever became citizens through naturalization, and whether your parents have ever become permanent residents. The reason I ask about their citizenship, is to see if it's possible for you to be a citizen of the United States through birth, or if you acquired citizenship through either of your parents. Now this area of law is very technical and very complicated. But if you have had a parent or a grandparent that is a resident of the United States, be sure to tell me about that when I speak to you individually. If either of your parents was naturalized to become a citizen of (UI) tell me about that when I speak to you |

individually.

(7:48)    I'm giving your rights to you as a group. I'm telling you what this hearing is about as a group. But I will conduct an individual hearing in each of your cases. I will ask you about your criminal history, (UI) If there is any form of relief still available to you despite your criminal history I will advise you of that and tell you how you can go about applying for that kind of relief. I will ask you if you fear returning to your homeland. If there is a form relief called asylum and withholding of removal. That would enable a person to stay in the United States, if they a legitimately feared persecution at the hands of their government, or a group unable to be controlled by the government. This persecution would have to incur for one or more (UI) specifically, race, religion, nationality, (UI), or your political opinion, either express or (?imputed?). If you fear returning to homeland be sure to tell me about that when I speak to you individually.

(9:14)    **None of you will be eligible for voluntary departure, so that's not going to be at issue at any of these hearing. (Translator's Note: emphasis added).** If you do get an order of removal, at the time of the completion of your sentence here, immigration service will pick you up, and if you're from Mexico, will take you back to your home country immediately. If you are from a country other than Mexico, they will have made the arrangements and the travel documents to get you back to your country as quickly as possible. If we do not conclude your hearing, for whatever reason, and your sentence was finished, and the immigration services picks you up and place you into federal custody and you will continue your hearing at another location. That's what this hearing is about. Is there anyone here who doesn't understand that, please raise your hand.

(10:19)    IJ:    Record show that no hands were raised.

IJ:    If any of you has a question about the proceedings, do not be afraid to raise your hand. Do not ask the fellow next to you, one he probably doesn't know the answer, and two it would show disrespect for the Court to talk. But if you don't understand something, or you want some more information, or you didn't hear something I or the interpreter said, do not be afraid to raise your hand, and I will answer your question and ensure that you do understand.

(11:00)    You have several rights during these proceedings. The first and primary is to be represented by an attorney. However, that is at no expense to the United States. I cannot appoint an attorney for you. But you should have each received (UI) it's a list of legal agencies that provide services either free or at low cost. Is there anyone here who has not received that list, please raise your hand and I will insure that you get a copy.

(11:34)    Let (UI) reflect no hands were raised. You may use that list to obtain an attorney. But you're not restricted to that list. You can use any legal means to obtain any

attorney you please. You can use the Yellow Pages, call the California Bar Association. A better method may be to have family, or friends assist you in the obtaining of an attorney. But the important thing you must remember, is that you must pay for the attorney. If you get one to work for free I will applaud you. But whatever the cost, you must bear that cost. This court will not pay for your attorney, immigration service will not pay for your attorney, and the people of the United States will not pay for your attorney. It is your right to be represented by an attorney at no cost to the United States. Is there anyone here who doesn't understand (UI) please raise your hand.

(12:36)  Record should reflect no hands were raised. Now many of you will chose not to be represented by an attorney. You don't have any money, or whatever reason, maybe you don't like your attorney, maybe they didn't do a good job for you. If you want to represent yourself, you have that right, you can speak for yourself, and act as your own attorney in this court. But if you do say you specifically give up your right to have an attorney represent you, you still have the right to speak for yourself. Is there anyone here who doesn't understand this right please raise his hand. Record should reflect no hands were raised. Even if you don't get an attorney, you still have a right to fight your case.

(13:31)  Now this is your first appearance before me, and you may not have had time to find an attorney. You may not have had time to prepare your case. If any of you wants any more time for any reason, I will give you that time. It's called a continuance, and if you want a continuance, I will give you one and schedule your case for a later day. Is there anyone here who would like more time for any reason, please raise his hand.

(14:06)  Record should reflect no hands were raised. Now I have told you, you have a right to fight your case. This is that time. This is my (UI). The only thing I have in here is the charging document. But I have to decide whether you should be removed, which is the same as deportation, or if you are allowed to stay in the United States. In order to do that I need information, and I get my information from the presentation of evidence, and you have a right to present evidence. At this time I will (?introduce?)(name of attorney?) immigration and naturalization service, the assistant district (BIA Appeal?), the (?court reporter?) and the Spanish interpreter, Mr. Raphael (UI). Each of you has a right to present evidence. You are a party to this proceeding, even though I'm talking to you as a group, I will speak to you individually. You will have an individual hearing. Each of you is one party in your case, the other party in your case, is the immigration service. Mr (Concadian?) represents the immigration service. He is it's attorney. He is very skilled, and he has his money, but he has no greater right that any of you. Each of you has a right to present evidence. You can testify under oath and tell me about your case. You can have witnesses tell me about your case. And if those

|  |  |
|---|---|
|  | witnesses will not come on their own, I do have the power to subpoena them. And if you want me to see any documents, I will evaluate your documents, (UI). All of that is called your right to present evidence. Is there anyone here who does not understand your rights, please raise his hand. |
| (16:13) | Record should reflect no hands were raised. The Immigration Service has a right also to present evidence. It may want to present a document, if it does, they will be happy to give you a copy. With the help of the interpreter, I will explain the document to you and make sure you understand it. And then I'll ask you if you wish to consider it. You have a right to say no. But if you say no, you must give me a reason. In the law that can be called an objection, and I will rule on your objection. If I sustain your objection, I will not consider the document in evidence. If I overrule your objection, then I will consider the document in evidence. Now attorneys know how to make objections. They know specific ways to do it. Mr. Concadian knows how to do it. He's an attorney and I expect him to be able to do it properly. But none of you is an attorney. So I don't really expect you to do it properly. Don't worry about it. You tell me why you don't think I should consider the document and I'll figure out if it's a proper objection. If the immigration service wishes me to hear a witness, they must bring the witness into the proceedings, and testify in front of you under oath. Then you and I will have an opportunity to question that witness, and to rebut the truth or accuracy of the witness' testimony. All that is called your right to examine the evidence submitted by the immigration service. Is there anyone here ho doesn't understand that, please raise his hand. |
| (18:09) | Record should reflect no hands were raised. The last right that I wish to explain to you is your right to appeal. Each of you has a right to review my decision, to see if it's correct. At the end of this hearing I will make a decision. I t may be that I order you removed from The United States. I will tell you what my decision is, ask you if you understand it, and then ask you if you wish to appeal. And that is your right to appeal. The right to appeal is the right to apply to another court, in this case, called the Board of Immigration Appeals, to review my decision to see if its correct. So if you want to appeal, you just say "I appeal." If you do not want to appeal, say "I do not want to appeal", or "I give up my right to appeal". If you want to appeal, I'll give you a form, you have to fill that form out, and mail it to the board of immigration appeals. The board of immigration appeals is located (UI). You would tell the board of immigration appeals why my decision is incorrect. And they would then tell you whether you were right, or whether I was right. Now an appeal is part of our system of justice. It is no offense to the Judge, it's the way the laws get changed sometimes. Now if you're not satisfied with the decision, do not hesitate to appeal. You have the right to be represented by an attorney on appeal. Once again, you must pay for the attorney. And there is a fee of $110.00 to file an appeal. If you don't have the money, you can request a waiver of that fee, and be allowed to file your appeal for free. That's your right to appeal. Is there anyone here who doesn't understand this right please raise his |

hand.

(20:27) Record should reflect no hands were raised. I want to explain to you the effect of your decision. If you tell me you don't want to appeal, and I've ordered you removed, then my decision becomes final and as soon as your sentence is up, immigration service can pick you up, and take you back to your home country. If you decide to appeal, you will have 30 days to file. And if you file, on time, the immigration service will not be allowed to send you back to Mexico, or to your home country, even if your sentence is competed. It would have to keep you in custody in another facility, until the board of immigration appeals has decided whether it is proper to send you back to your country. That's the effect of your decision to appeal. Is there anyone here who doesn't understand that please raise his hand.

(21:28) Record should reflect no hands were raised. Is there anyone here who has any question about any of these important rights, please raise your hand. Record should reflect no hands were raised. Gentlemen, I'd like you all stand and raise your right hand. Do each of you swear to tell the truth, the whole truth and nothing but the truth so help you god?

All: Yes

IJ: Thank you very much lower your hands and be seated gentlemen.

IJ: All those who have not taken the oath at this time please stand and raise his right hand. Record should reflect no one is standing, no right hands are raised, all those present have been sworn.

END (22:13)

---

**(Transcriber's Note: Other defendants' hearings are not transcribed)**

---

BEGIN AGAIN (1:05:06)

(Mr. Lopez-Menera speaks through a Spanish Interpreter.)

IJ: Mr. Abel Lopez-Menera. Please stand sir. Sir did you understand all the rights of which I advised you, including the right to have an attorney represent you, speak for yourself, present evidence to me, (UI) the immigration service, and appeal any decision I make. Do you understand all those rights?

ALM: Yes

IJ: Do you wish more time to get an attorney?

LM: No

IJ: Do you speak for yourself today?

LM: Yes

IJ: Do you understand that by doing so you give up your right to have an attorney represent you?

LM: Yes

IJ: Did you review a copy of your legal documents?

LM: Yes

IJ: I'm marking it in your record Sir, as Exhibit 1. In addition to (reciting?) that you were born in Mexico, are a citizen of Mexico, and not a citizen of the United States, that you entered the United States at San Ysidro, California, October 1,1989, illegally, without being properly admitted or paroled for inspection (?by officials?), and that today you're in the United States, you're present in the United States without ever being properly admitted or paroled. Do you understand that charge?

LM: Yes

IJ: Are you ready to have your hearing?

LM: Yes

IJ: Are you a citizen of the United States?

LM: No

IJ: Born in Mexico?

LM: Yes

IJ: Did you enter in San Ysidro, October 1, 1989?

LM: Yes

IJ: Illegally without being admitted or paroled for inspection?

LM: Yes

IJ: Based upon your admissions, I do find that by clear and convincing evidence that you're subject to removal. I'm going to sustain the charge of inadmissibility. Do you want designate Mexico as the country of your removal?

LM: Yes

IJ: Do you fear returning to Mexico for any reason?

LM: No

IJ: How old are you sir?

LM: 28

IJ: Are you married?

LM: No

IJ: Any children?

LM: Three

IJ: Are they United States citizens?

LM: Yes

IJ: How old is the eldest child?

LM: 7

IJ: Again, it's a long time away, but as those children each turn 21, they will be entitled to petition for you to come to the United States. Do you understand that?

LM: Yes

IJ: Were your parents born in Mexico too?

LM: Yes

IJ: Did either of your parents ever become citizens or permanent residents of the United States?

LM: No

IJ: What are you in here for Sir?

LM: Possession of drug and uhh driving drunk.

IJ: What drugs?
Methamphetamine?

LM: Methamphetamine

IJ: Sir in your case there is no relief. Because of the drugs. There's no claim to citizenship. I'm going to have to order your removal from the United States to Mexico. Do you understand my decision?
Yes?

LM: Yes

IJ: Do you wish to appeal that decision or give up your right?

LM: I give up.

IJ: Thank you Sir you may be seated.

IJ: I'll enter a final order.

END: (1:08:23).