# Exhibit A

*219 Fed. Appx. 717, *; 2007 U.S. App. LEXIS 1824, ***

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JOSE ISAAC BASULTO-PULIDO, Defendant - Appellant.

No. 05-50972

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

219 Fed. Appx. 717; 2007 U.S. App. LEXIS 1824

December 6, 2006, Argued and Submitted, Pasadena, California
January 25, 2007, Filed

**NOTICE:** [**1] PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of California. D.C. No. CR-04-02706-RTB. Roger T. Benitez, District Judge, Presiding.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant was convicted and sentenced for a violation of 8 U.S.C.S. § 1326 by the United States District Court for the Southern District of California. He appealed.

**OVERVIEW:** Although he was eligible to apply for pre-hearing voluntary departure, pursuant to 8 U.S.C.S. § 1229c(a)(1), an immigration judge (IJ) incorrectly informed him that he was ineligible to apply for any relief from deportation. Defendant then waived his right to appeal and was ordered deported. Because the IJ did not explain what pre-hearing voluntary departure was, nor did she provide defendant with an opportunity to apply for it, defendant's waiver of his right to appeal the deportation order was not considered and intelligent, and was therefore invalid. The exhaustion and deprivation requirements in § 1326(d) were therefore satisfied. The IJ's failure to inform him potentially affected the outcome of his deportation proceedings, because since defendant had a plausible claim for pre-hearing voluntary departure, he was prejudiced by the IJ's failure to tell him about it. Because defendant's due process rights were violated when the IJ failed to inform him of his apparent eligibility to apply for pre-hearing voluntary departure, and because this failure caused him prejudice, the underlying order of deportation could not be used as an element of his conviction under § 1326.

**OUTCOME:** Defendant's conviction was reversed.

**CORE TERMS:** deportation, pre-hearing, departure, eligibility, inform, eligible, invalid, removal, alien's, right to appeal, failure to inform, immigration, intelligent, exhaustion, prejudiced, order of deportation, deprivation, indictment, mandatory, quotation, sentence

**LEXISNEXIS(R) HEADNOTES**
Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry
Immigration Law > Judicial Review > Standards of Review > De Novo Review
HN1 ± A circuit court of appeals reviews de novo the denial of a motion to dismiss an 8 U.S.C.S. § 1326 indictment when the motion alleges due process defects in the

underlying deportation proceeding.

Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry
Immigration Law > Judicial Review > Exhaustion of Remedies
HN2± To challenge the validity of a prior deportation order, under 8 U.S.C.S. § 1326(d), a defendant must demonstrate: (1) exhaustion of administrative remedies; (2) improper deprivation of judicial review; and (3) prejudice. However, the exhaustion requirement in § 1326(d)(1) will not bar collateral review of a deportation proceeding when the waiver of an administrative appeal was invalid. A waiver of the right to appeal a removal order entered by an immigration judge to the Board of Immigration Appeals is invalid when the waiver was not considered and intelligent.

Immigration Law > Deportation & Removal > Administrative Proceedings > Respondent Rights > General Overview
HN3± The United States Court of Appeals for the Ninth Circuit has repeatedly held that due process requires immigration judges (IJs) to inform individuals in removal proceedings of their apparent eligibility for relief. The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is mandatory, and failure to so inform the alien of his or her eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding.

Immigration Law > Deportation & Removal > Administrative Proceedings > Procedure
Immigration Law > Deportation & Removal > Administrative Proceedings > Respondent Rights > General Overview
Immigration Law > Deportation & Removal > Relief > Waivers
HN4± A waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the immigration judge fails to advise of this possibility and to provide an opportunity to develop the issue.

Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry
HN5± To satisfy the final requirement, prejudice, of a challenge the validity of a prior deportation order, under 8 U.S.C.S. § 1326(d), a petitioner must show only that he had a plausible ground for relief from deportation. In the context of a deportation proceeding, prejudice occurs when an individual's rights are violated in a manner so as potentially to affect the outcome of the proceedings.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Rebekah W. Young, USSD - OFFICE OF THE U.S. ATTORNEY, San Diego, CA.

For JOSE ISAAC BASULTO-PULIDO, Defendant - Appellant: Robert L. Swain, Esq., SWAIN & VANCE, San Diego, CA.

**JUDGES:** Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

**OPINION**

[*718] MEMORANDUM *

**FOOTNOTES**

> * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

Jose Isaac Basulto-Pulido appeals his conviction and sentence for violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. **HN1** We review de novo [**2] the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion alleges due process defects in the underlying deportation proceeding. See United States v. Muro-Inclan, 249 F.3d 1180, 1182 (9th Cir. 2001).

We conclude that the district court erred in denying Basulto-Pulido's motion to dismiss the indictment, because the underlying order of deportation was invalid. We therefore reverse the conviction and sentence without reaching the merits of Basulto-Pulido's additional objections.

**HN2** To challenge the validity of a prior deportation order, under § 1326(d) a defendant must demonstrate: (1) exhaustion of administrative remedies; (2) improper deprivation of judicial review; and (3) prejudice. See United States v. Ortiz-Lopez, 385 F.3d 1202, 1203--04 (9th Cir. 2004). However, the exhaustion requirement in § 1326(d)(1) will not bar collateral review of a deportation proceeding when the waiver of an administrative appeal was invalid. Muro-Inclan, 249 F.3d at 1183 (citing United States v. Garza-Sanchez, 217 F.3d 806, 808 (9th Cir. 2000)). A waiver of the right to appeal a removal order [**3] entered by an immigration judge ("IJ") to the Board of Immigration Appeals ("BIA") is invalid when the waiver was not "considered and intelligent." Muro-Inclan, 249 F.3d at 1182.

**HN3** We have repeatedly held that due process requires IJs to inform individuals in removal proceedings of their apparent eligibility for relief. See, e.g., United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1050 (9th Cir. 2004) ("The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is mandatory, and failure to so inform the alien of his or her eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding.") (internal quotation marks and brackets omitted); see also United States v. Gonzalez-Valerio, 342 F.3d 1051, 1054 (9th Cir. 2003) ("The duty of the IJ to inform an alien of his eligibility for relief is mandatory, and the failure to do so constitutes a violation of the alien's due process rights.").

Basulto-Pulido appeared before an IJ at a master calendar hearing on December 2, 1997. Although he was eligible to apply for pre-hearing voluntary departure, pursuant [**4] to 8 U.S.C. § 1229c(a)(1) (1997), the IJ incorrectly informed him that he was ineligible to apply for any relief from deportation. Basulto-Pulido then waived his right to appeal and was ordered deported.

[*719] **HN4** "A waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise . . . of this possibility and [to provide an] opportunity to develop the issue." United States v. Gonzalez, 429 F.3d 1252, 1256 (9th Cir. 2005). Although it is uncontested that Basulto-Pulido was statutorily eligible for pre-hearing voluntary departure when he appeared before the IJ, she did not explain what pre-hearing voluntary departure was, nor did she provide him with an opportunity to apply for it. Consequently, Basulto-Pulido's waiver of his right to appeal the deportation order was not considered and intelligent, and was therefore invalid. The exhaustion and deprivation requirements in § 1326(d) are therefore satisfied. See Ortiz-Lopez, 385 F.3d at 1204.

**HN5** To satisfy the final requirement, prejudice, Basulto-Pulido must show only "that [**5] he had a plausible ground for relief from deportation." Ubaldo-Figueroa, 364 F.3d at 1050 (internal quotation marks omitted). In the context of a deportation proceeding, prejudice occurs when "an [individual's] rights are violated 'in a manner so as potentially to affect the

outcome of the proceedings.'" *Campos-Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir. 1999) (quoting *United States v. Cerda-Pena,* 799 F.2d 1374, 1379 (9th Cir. 1986)). Here, the IJ's failure to inform and allow a meaningful opportunity to apply for pre-hearing voluntary departure "'potentially . . . affect[ed] the outcome of [his deportation] proceedings,'" *Campos-Sanchez,* 164 F.3d at 450 (quoting *Cerda-Pena,* 799 F.2d at 1379), because Basulto-Pulido might have applied for and received this relief rather than conceding deportability, with its attendant harsh consequences. Basulto-Pulido had a plausible claim for pre-hearing voluntary departure and so was prejudiced by the IJ's failure to tell him about it. *See Ubaldo-Figueroa,* 364 F.3d at 1050--1051 (concluding that because "Ubaldo-Figueroa had a plausible claim [**6] for relief . . . the IJ's unconstitutional failure to inform him that he was eligible . . . prejudiced him"); *see also United States v. Arrieta,* 224 F.3d 1076, 1082--83 (9th Cir. 2000) (rejecting the government's argument that Arrieta was not prejudiced by the IJ's failure to inform him of his apparent eligibility for a discretionary waiver and holding that "the evidence . . . does not guarantee that he would have been granted a . . . waiver, [but] it provides the 'something more' that makes it plausible that he would have"). [1]

### FOOTNOTES

1 Basulto-Pulido's "something more" in 1997 was his common-law marriage to a U.S.-citizen and his three U.S.-citizen children.

Because Basulto-Pulido's due process rights were violated when the IJ failed to inform him of his apparent eligibility to apply for pre-hearing voluntary departure, and because this failure caused him prejudice, the underlying order of deportation cannot be used as an element of his conviction under § 1326. We therefore reverse his conviction.

[**7] REVERSED.

Service: **Get by LEXSEE®**
Citation: **219 Fed. Appx. 717**
View: Full
Date/Time: Tuesday, December 18, 2007 - 3:16 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
◨ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
✦ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

 About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.