Exhibit B

*229 Fed. Appx. 436, \*; 2007 U.S. App. LEXIS 8537, \*\**

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JOEL NICHOLAS NUNGARAY-RUBALCABA, Defendant - Appellant.

No. 06-50053

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

229 Fed. Appx. 436; 2007 U.S. App. LEXIS 8537

December 6, 2006 \*\* , Submitted, Pasadena, California

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).
April 10, 2007, Filed

**NOTICE:** [\*\*1] PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of California. D.C. No. CR-05-00493-DMS. Dana M. Sabraw, District Judge, Presiding.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant challenged a judgment from the United States District Court for the Southern District of California, which convicted him and sentenced him for illegal reentry under 8 U.S.C.S. § 1326. The district court denied defendant's motion to dismiss the indictment in which he alleged due process defects in the underlying deportation proceeding pursuant to § 1326(d).

**OVERVIEW:** Defendant signed a waiver of a hearing during his underlying immigration proceedings. On appeal, the court held that he was improperly deprived of judicial review and denied due process in the underlying deportation proceeding because his waiver through a written stipulation for removal was not considered and intelligent. The court reasoned that when he signed the waiver, an INS agent failed to inform defendant that he was eligible for fast-track voluntary departure in lieu of removal under 8 U.S.C.S. § 1229c(a). Defendant was prejudiced because he had a plausible claim for pre-hearing voluntary departure under § 1229c(a). His two Idaho convictions for drug convictions did not qualify as an aggravated felony at the time of his prior removal in August 1999, which would have rendered him ineligible for pre-hearing voluntary departure. Although in 1999, a second conviction could qualify as an aggravated felony under 21 U.S.C.S. § 844(a) if the first conviction had become final prior to the second conviction, defendant's first conviction had not become final before the second conviction because the time to file a direct appeal of the first conviction had not expired under Idaho law.

**OUTCOME:** The court reversed the conviction and sentence.

**CORE TERMS:** removal, deportation, felony, aggravated, departure, eligibility, pre-hearing, exhaustion, immigrant, order of deportation, failure to inform, quotation marks omitted, deprivation, indictment, sentence, eligible, invalid, qualify, facie

**LEXISNEXIS(R) HEADNOTES**
Criminal Law & Procedure > Accusatory Instruments > Dismissal
Immigration Law > Constitutional Foundations > Due Process
Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry
*HN1* A federal court of appeals reviews de novo the denial of a motion to dismiss an 8 U.S.C.S. § 1326 indictment when the motion alleges due process defects in the underlying deportation proceeding.

Criminal Law & Procedure > Trials > Burdens of Proof > Defense
Immigration Law > Constitutional Foundations > Due Process
Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry
Immigration Law > Judicial Review > Exhaustion of Remedies
*HN2* To challenge the validity of a prior deportation order, a defendant must show: (1) exhaustion of any available administrative remedies; (2) improper deprivation of judicial review in the underlying removal proceedings; and (3) prejudice. 8 U.S.C.S. § 1326(d). However, if the defendant was not informed that he or she was eligible for relief from removal during the prior proceedings, the exhaustion requirement will not bar collateral review.

Criminal Law & Procedure > Trials > Burdens of Proof > Defense
Immigration Law > Constitutional Foundations > Due Process
Immigration Law > Deportation & Removal > Relief > General Overview
Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry
*HN3* For purposes of 8 U.S.C.S. § 1326(d), the failure to inform an immigrant of possible eligibility for relief from removal is a denial of due process that invalidates an underlying deportation proceeding.

Criminal Law & Procedure > Trials > Burdens of Proof > Defense
Immigration Law > Deportation & Removal > General Overview
Immigration Law > Deportation & Removal > Relief > General Overview
Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry
*HN4* In challenging the validity of a prior deportation order under 8 U.S.C.S. § 1326(d), to satisfy the final requirement, prejudice, a defendant must only show that he had a plausible ground for relief from deportation.

Immigration Law > Deportation & Removal > Relief > Voluntary Departure
*HN5* Pre-hearing voluntary departure is authorized under 8 U.S.C.S. § 1229c(a). Immigration judges have broad authority to grant pre-hearing voluntary departure, and only two classes of immigrants are ineligible for such relief--those involved in terrorism-related activity, and those convicted of an aggravated felony.

Criminal Law & Procedure > Criminal Offenses > Controlled Substances > General Overview
Immigration Law > Deportation & Removal > Grounds > Criminal Activity > Aggravated Felonies
*HN6* A drug conviction must be punishable as a felony under federal law to qualify as an aggravated felony for removal purposes.

Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Possession > Simple Possession > General Overview
Immigration Law > Deportation & Removal > Grounds > Criminal Activity > Aggravated Felonies
*HN7* In 1999, a second drug possession conviction could qualify as an aggravated

felony under 21 U.S.C.S. § 844(a), but only if the first conviction had "become final" prior to the second conviction. 21 U.S.C.S. § 844(a).

Criminal Law & Procedure > Trials > Burdens of Proof > Defense
Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution
Immigration Law > Deportation & Removal > General Overview
Immigration Law > Enforcement > Criminal Offenses > Illegal Entry > Illegal Reentry

HN8± In challenging the validity of a prior deportation order under 8 U.S.C.S. § 1326(d), once a defendant makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Richard C. Cheng, Esq., Lawrence E. Spong, Esq., Roger W. Haines, Jr., Esq., USSD - OFFICE OF THE U.S. ATTORNEY, San Diego, CA.

For JOEL NICHOLAS NUNGARAY-RUBALCABA, Defendant - Appellant: Leila W. Morgan, Esq., FDSD - FEDERAL DEFENDERS OF SAN DIEGO, INC., San Diego, CA.

**JUDGES:** Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

**OPINION**

[*437] MEMORANDUM *

> **FOOTNOTES**
>
> * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

Joel Nicholas Nungaray-Rubalcaba appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to [**2] 28 U.S.C. § 1291. HN1 ✣We review de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion alleges due process defects in the underlying deportation proceeding. *United States v. Camacho-Lopez,* 450 F.3d 928, 929 (9th Cir. 2006).

We conclude that the district court erred in denying Nungaray-Rubalcaba's motion to dismiss the indictment, because the underlying order of deportation was invalid. We therefore reverse the conviction and sentence without addressing Nungaray-Rubalacaba's additional assignments of error.

[*438] HN2✣To challenge the validity of a prior deportation order, a defendant must show: (1) exhaustion of any available administrative remedies; (2) improper deprivation of judicial review in the underlying removal proceedings; and (3) prejudice. See § 1326(d); *United States v. Ortiz-Lopez,* 385 F.3d 1202, 1203-04 (9th Cir. 2004) (per curiam). However, if the defendant was not informed that he or she was eligible for relief from removal during the prior proceedings, the exhaustion requirement will not bar collateral review. See *id.* at 1204 n.2.

Get a Document - by Citation - 259 Fed. Appx. 436
Case 3:07-cv-06522-SI Document 25-3    Filed 12/18/2007    Page 5 of 6
Page 4 of 5

Nungaray-Rubalcaba **[\*\*3]** was improperly deprived of judicial review and denied due process in the underlying deportation proceeding, because his waiver of a hearing through a written stipulation for removal was not considered and intelligent. See *United States v. Ubaldo-Figueroa,* 364 F.3d 1042, 1048 (9th Cir. 2004). When he signed the waiver, the INS Special Agent "failed to inform him that he was eligible for a fast-track voluntary departure in lieu of removal, under 8 U.S.C. § 1229c(a)." *Ortiz-Lopez,* 385 F.3d at 1204; see also *Ubaldo-Figueroa,* 364 F.3d at 1049-50 (holding that **HN3** the failure to inform an immigrant of possible eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding); *United States v. Muro-Inclan,* 249 F.3d 1180, 1182 (9th Cir. 2001) (holding that a waiver of appeal is invalid if the immigrant is not advised of possible eligibility for relief from deportation). The exhaustion and deprivation requirements in § 1326(d) are therefore satisfied. See *Ortiz-Lopez,* 385 F.3d at 1204.

**HN4** To satisfy the final requirement, prejudice, a defendant **[\*\*4]** "must only show that he had a plausible ground for relief from deportation." *Ubaldo-Figueroa,* 364 F.3d at 1050 (internal quotation marks omitted). Here, Nungaray-Rubalcaba had a plausible claim for relief: **HN5** pre-hearing voluntary departure under 8 U.S.C. § 1229c(a). Immigration Judges have "broad authority to grant [pre-hearing] voluntary departure," *In re Eloy Arguelles-Campos,* 22 I. & N. Dec. 811, 820 (BIA 1999), and only two classes of immigrants are ineligible for such relief, "those involved in terrorism-related activity (not at issue here), and those . . . convicted of an aggravated felony." *Ortiz-Lopez,* 385 F.3d at 1204 n.3 (internal quotation marks omitted).

Contrary to the Government's arguments, neither of Nungaray-Rubalcaba's two Idaho state law convictions for drug possession qualified as an aggravated felony at the time of his prior removal, August 26, 1999. Then and now, **HN6** a drug conviction must be punishable as a felony under federal law to qualify as an aggravated felony for removal purposes. See *Cazarez-Gutierrez v. Ashcroft,* 382 F.3d 905, 919 (9th Cir. 2004); *In re L-G,* 21 I. & N. Dec. 89, 95 (BIA 1995). **[\*\*5]** Although no longer the law in this Circuit, **HN7** in 1999, a second drug possession conviction could qualify as an aggravated felony under 21 U.S.C. § 844(a), see *United States v. Garcia-Olmedo,* 112 F.3d 399, 400 (9th Cir. 1997), *overruling recognized by United States v. Ballesteros-Ruiz,* 319 F.3d 1101, 1105-06 (9th Cir. 2003), but only if the first conviction had "become final" prior to the second conviction. See 21 U.S.C. § 844(a); *United States v. Guzman-Colores,* 959 F.2d 132, 133 (9th Cir. 1992). Here, Nungaray's first conviction had not become final prior to his second conviction because, under Idaho law, his time to file a direct appeal of the first conviction had not expired. See *State v. Jensen,* 138 Idaho 941, 71 P.3d 1088, 1090-91 (Idaho Ct. App. 2003) (citing Idaho Appellate Rule 14(a)).

Finally, because the Government has not argued that it can rebut Nungaray's prima **[\*439]** facie showing of prejudice, there is no need to remand for further proceedings. See *United States v. Gonzalez-Valerio,* 342 F.3d 1051, 1054 (9th Cir. 2003) (**HN8** "Once [the defendant] makes a prima **[\*\*6]** facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome."); cf. *Ortiz-Lopez,* 385 F.3d at 1205 (remanding for the government to present evidence in support of its argument "that no IJ would have allowed [the defendant] to depart voluntarily as a discretionary matter under § 1229c(a), regardless of whether his cocaine possession conviction was an aggravated felony").

Because the INS's failure to inform Nungaray-Rubalcaba of his eligibility for pre-hearing voluntary departure violated his due process rights, and because this violation caused him prejudice, the underlying order of deportation cannot be used as an element of his conviction under § 1326. We therefore reverse his conviction.

**REVERSED.**

    Service: **Get by LEXSEE®**
   Citation: **229 Fed. Appx. 436**
      View: Full
Date/Time: Tuesday, December 18, 2007 - 3:41 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
◨ - Questioned: Validity questioned by citing refs
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.