# Exhibit C

LexisNexis® Total Research System

Switch Client | Preferences | Live Support | Sign Off | Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Counsel Selector | Dossier | History

Service: **Get by LEXSEE®**
Citation: **239 Fed. Appx. 330**

*239 Fed. Appx. 330, \*; 2007 U.S. App. LEXIS 15025, \*\**

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JACINTO ALONZA-MENDOZA, Defendant - Appellant.

No. 04-50409

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

239 Fed. Appx. 330; 2007 U.S. App. LEXIS 15025

March 19, 2007, Resubmitted, Pasadena, California
June 19, 2007, Filed

**NOTICE:** [\*\*1] PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**SUBSEQUENT HISTORY:** Rehearing denied by, Rehearing, en banc, denied by United States v. Alonza-Mendoza, 2007 U.S. App. LEXIS 15031 (9th Cir. Cal., June 19, 2007)

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of California. D.C. No. CR-03-01617-BTM. Barry T. Moskowitz, District Judge, Presiding. Argued and Submitted October 18, 2005, Submission Withdrawn October 31, 2005.
United States v. Alonza-Mendoza, 225 Fed. Appx. 655, 2007 U.S. App. LEXIS 6990 (9th Cir. Cal., Mar. 21, 2007)

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant challenged the decision of the United States District Court for the Southern District of California that convicted him of being a deported alien who was found in the United States in violation of 8 U.S.C.S. § 1326. Defendant was sentenced to 78 months, which he also appealed.

**OVERVIEW:** Defendant was deported from the United States in 1997 after a hearing in immigration court at which he was not informed of his right to appeal or his eligibility for fast-track voluntary departure under 8 U.S.C.S. § 1229c(a). Over the course of 2003, defendant was convicted of second-degree robbery, removed following an expedited proceeding, and then found again in the United States. The appellate court agreed with defendant that his due process rights were violated when the immigration judge (IJ) did not individually inform him of his right to appeal and eligibility for fast-track voluntary departure. However, the appellate court disagreed that he was prejudiced by this due process violation. The court did agree with defendant that the district court committed Sixth Amendment error by finding a fact, his removal after his conviction for an aggravated felony, that was never charged in the indictment or found by the jury beyond a reasonable doubt. However, the Sixth Amendment violation was harmless beyond a reasonable doubt. The court did reverse the sentence based on Booker, and remanded for resentencing.

**OUTCOME:** The appellate court affirmed defendant's conviction, but reversed his sentence under Booker and remanded for resentencing.

**CORE TERMS:** removal, fast-track, departure, sentence, immigration, alien, criminal history, eligibility, deportation, indictment, convicted, robbery, right to appeal, process violation, prior conviction, reasonable doubt, prejudiced, expedited, deported, flawed, grand theft auto, murder, weapon

**LEXISNEXIS® HEADNOTES**                                              Hide

> Evidence > Procedural Considerations > Burdens of Proof > Burden Shifting
> Immigration Law > Deportation & Removal > Grounds > Miscellaneous Grounds

HN1± To establish prejudice, an alien must demonstrate that he had a plausible ground for relief from deportation. Once the alien makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have change the proceedings' outcome. More Like This Headnote

> Immigration Law > Deportation & Removal > Reinstatement of Orders

HN2± A previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order. More Like This Headnote

> Immigration Law > Deportation & Removal > Reinstatement of Orders

HN3± The fact of a prior removal plainly falls outside the scope of the exception for a prior conviction. More Like This Headnote

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Lawrence E. Spong, Esq., USSD - OFFICE OF THE U.S. ATTORNEY, San Diego, CA.

For JACINTO ALONZA-MENDOZA, Defendant - Appellant: Steven F. Hubachek, Esq., Vincent J. Brunkow, Esq., John C. Lemon, Esq., FDSD - FEDERAL DEFENDERS OF SAN DIEGO, INC., San Diego, CA.

**JUDGES:** Before: KLEINFELD, TASHIMA and FISHER, Circuit Judges.

**OPINION**

[*331] AMENDED MEMORANDUM *

> **FOOTNOTES**
>
> * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The memorandum disposition filed March 21, 2007, is amended in full as follows:

Jacinto Alonzo-Mendoza [**2] was deported from the United States in 1997 after a hearing in immigration court at which he was not informed of his right to appeal or his eligibility for fast-track voluntary departure under 8 U.S.C. § 1229c(a). Over the course of 2003, Alonzo-Mendoza was convicted of second-degree robbery, removed following an expedited

proceeding and then found again in the United States. He was subsequently tried by jury and convicted of being a deported alien found in the U.S. in violation of 8 U.S.C. § 1326. He now appeals his conviction and 78-month sentence.

We agree with Alonzo-Mendoza that his due process rights were violated when the immigration judge ("IJ") did not individually inform him of his right to appeal and eligibility for fast-track voluntary departure. See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048-49 (9th Cir. 2004); United States v. Gonzalez-Valerio, 342 F.3d 1051, 1054 (9th Cir. 2003). However, we disagree that he was prejudiced by this due process violation. HN1 To establish prejudice, an alien must demonstrate that he had a "plausible ground for relief" from deportation. United States v. Muro-Inclan, 249 F.3d 1180, 1185 (9th Cir. 2001). [**3] "Once [the alien] makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome." Gonzalez-Valerio, 342 F.3d at 1054.

Alonzo-Mendoza had been convicted of a gang-related murder and served six years [*332] in juvenile detention just prior to his 1997 deportation hearing. He had also earlier been arrested for weapons possession, attempted grand theft auto, grand theft auto and assault with a deadly weapon. Given the extent of his criminal history, it is not plausible that he would have received fast-track voluntary departure had he requested it. Even taking into account the low threshold for receiving fast-track voluntary departure, Alonzo-Mendoza's accessory role in the murder, his average to positive record while in custody, his family ties to the United States and his eligibility for an adjustment of status, the negative equities associated with his criminal history would have been too great for the IJ to overlook. Alonzo-Mendoza notably fails to direct our attention to any instances of an IJ or the Board of Immigration Appeals granting fast-track voluntary departure [**4] under circumstances similar to his, nor have we been able to identify any. He therefore has not shown that he was prejudiced by the due process violation at his deportation hearing and his conviction must stand.

Turning to Alonzo-Mendoza's other claims, we have explicitly held that a certificate of non-existence of record is not testimonial in nature and thus its admission does not violate the Confrontation Clause. See United States v. Salazar-Gonzalez, 458 F.3d 851, 854 (9th Cir. 2006). We have also held that HN2 "a previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order." Morales-Izquierdo v. Gonzales, 486 F.3d 484, 2007 U.S. App. LEXIS 10865, 2007 WL 329132, at *9 (9th Cir. 2007) (en banc). The district court therefore did not err in enhancing Alonzo-Mendoza's sentence because of his 2003 conviction for second-degree robbery, even though the expedited removal proceeding that followed that conviction was not conducted before an IJ. Furthermore, the court did not violate Alonzo-Mendoza's Sixth Amendment rights by calculating criminal history points, see United States v. Hernandez-Castro, 473 F.3d 1004, 1007 (9th Cir. 2007), [**5] or by categorizing his prior conviction as a "crime of violence," see United States v. Brown, 417 F.3d 1077, 1079-80 (9th Cir. 2005).

Finally, we agree with Alonzo-Mendoza that the district court committed Sixth Amendment error by finding a fact, his removal after his conviction for an aggravated felony, that was never charged in the indictment or found by the jury beyond a reasonable doubt. This court has held that HN3 "[t]he fact of a prior removal plainly falls outside the scope of th[e] exception" for a prior conviction. United States v. Covian-Sandoval, 462 F.3d 1090, 1097 (9th Cir. 2006). Moreover, it is undisputed that the government presented evidence at trial that Alonzo-Mendoza was removed twice and that the jury was never called upon to decide on which removal his conviction should rest. However, as in United States v. Zepeda-Martinez, 470 F.3d 909 (9th Cir. 2006), the Sixth Amendment violation here was harmless beyond a reasonable doubt. At no point in these proceedings has Alonzo-Mendoza argued

that the 2003 removal did not occur or did not postdate his conviction for second-degree robbery; indeed, his argument that this **[\*\*6]** removal was flawed because it was not held before an IJ implicitly concedes that it took place. It is also beside the point that he challenges not only the jury's failure to find his prior removal but also that element's omission from his indictment. The indictments in *Covian-Sandoval* and *Zepeda-Martinez* were similarly flawed but this error did not, as Alonzo-Mendoza contends it should, require automatic reversal.

Accordingly, we affirm Alonzo-Mendoza's conviction and reject his various constitutional **[\*333]** challenges to his sentence. However, because he was sentenced prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and "raised an objection in district court based on the Sixth Amendment holdings of the *Apprendi* line of cases," we vacate his sentence and remand to the district court for resentencing. *United States v. Beng-Salazar,* 452 F.3d 1088, 1097 (9th Cir. 2006).

**Conviction AFFIRMED; sentence VACATED and REMANDED.**

Service: **Get by LEXSEE®**
Citation: **239 Fed. Appx. 330**
View: Full
Date/Time: Tuesday, December 18, 2007 - 3:16 PM EST

\* Signal Legend:
● - Warning: Negative treatment is indicated
▣ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.