IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 07-653 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |
| v. | |
| ABEL LOPEZ-MENERA, | |
| Defendant. | |

On December 20, 2007, the Court held a hearing on defendant's motion to dismiss the indictment. After careful consideration of the parties' arguments and the record in this case, the Court GRANTS defendant's motion for the reasons set forth below.

**BACKGROUND**

On November 8, 2007, a grand jury filed a superseding indictment against defendant Abel Lopez-Menera, alleging that he illegally reentered the United States after deportation in violation of 8 U.S.C. § 1326. Defendant first entered the United States illegally in 1989, and was deported in 1998.

As background to the 1998 deportation, defendant was convicted in 1993 of driving under the influence in violation of California Vehicle Code § 23152(b). In 1997, defendant was convicted of driving under the influence with priors, and received a two year state prison sentence. On December 22, 1997, while defendant was in prison, the INS issued a warrant for his arrest because he was in this country illegally. Falk Decl., Ex. C. The same day, the INS issued a final administrative removal order against defendant requiring his removal from the United States. *Id*.

The Final Removal Order, which was issued under Section 238(b) of the Immigration and

Nationality Act, provided for defendant's immediate removal on the ground that he had been convicted of an aggravated felony (the DUI convictions). *Id.* The INS issued two additional Notices of Intent to Issue Final Administrative Removal Orders of defendant on March 4, 1998 and June 8, 1998. Both documents stated that defendant was deportable because he had been convicted of an aggravated felony.

On September 18, 1998, the INS issued a Notice to Appear, which defendant signed, requesting hearing to contest his deportation. *Id.* Falk Decl., Ex. G. By this time, the INS had changed its allegations against defendant; the Notice to Appear alleged that defendant was deportable only because he was in the United States illegally, not because he had committed an aggravated felony.

On September 24, 1998, defendant and 18 other men were placed in removal proceedings before Immigration Judge Leary. *See* Transcription of Immigration Hearing, attached to Falk Decl., Ex. A. In a global statement to all respondents during the hearing, IJ Leary stated that he would conduct an individual inquiry with each of the respondents to advise them of any possible relief from deportation. *Id.* at 5:47. IJ Leary also informed the group, however, that "none of you will be eligible for voluntary departure, so that's not going to be an issue at any of these hearings." *Id.* at 9:14.

During defendant's individual hearing, the IJ reviewed defendant's background with him, and determined that he had a family in the United States that included three United States citizen children. *Id.* at 1:01:06. The IJ found defendant removable as an undocumented alien. *Id.* The IJ asked defendant what he was "in for," and defendant responded, "possession of drug and uhh driving drunk." *Id.* The IJ then informed defendant, "Sir, in your case there is no relief. Because of the drugs. There's no claim to citizenship. I'm going to have to order your removal from the United States to Mexico. Do you understand my decision? Yes?" *Id.* Defendant stated that he understood the IJ's decision, and that he agreed to waive his right to appeal. *Id.*

**DISCUSSION**

Defendant moves to dismiss the indictment due to alleged due process defects in the underlying 1998 deportation proceeding. Defendant contends that the IJ was required to inform him that he was eligible for voluntary departure, and instead the IJ misinformed him that he was ineligible for such relief. To challenge the validity of a prior deportation order under 8 U.S.C. § 1326(d), a defendant must

show: (1) exhaustion of any available administrative remedies; (2) improper deprivation of judicial review in the underlying removal proceedings; and (3) prejudice. *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1203-04 (9th Cir. 2004). The government contends that defendant's motion to dismiss fails because defendant cannot show any of these three elements.

**1.    Exhaustion of administrative remedies and deprivation of judicial review**

The Ninth Circuit has held that the exhaustion requirement in § 1326(d)(1) will not bar collateral review of a deportation proceeding when the waiver of an administrative appeal was not valid. *United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001). "An alien is barred from collaterally attacking an underlying deportation order 'if he validly waived the right to appeal that order' during the deportation proceedings." *Id*. at 1182 (*quoting United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)). "In order for the waiver to be valid, however, it must be both 'considered and intelligent.'" *Arrieta*, 224 F.3d at 1079 (*citing United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987)). A waiver is not "considered and intelligent" when "the record contains an inference that the petitioner is eligible for relief from deportation," but the IJ fails to "advise the alien of this possibility and give him the opportunity to develop the issue." *Arrieta,* 224 F.3d at 1079.

The government contends that defendant knowingly waived his right to an appeal, and thus is foreclosed from collaterally attacking the 1998 deportation proceeding. However, a number of published and unpublished Ninth Circuit cases hold otherwise. *United States v. Basulto-Pulido*, 219 Fed. Appx. 717 (9th Cir. Jan. 25, 2007), is directly on point.[1] In *Basulto-Pulido*, a criminal defendant was convicted of a violation of 8 U.S.C. § 1326. As in this case, Basulto-Pulido contended that his due process rights were violated in the underlying deportation proceeding because the IJ failed to inform him that he was eligible to apply for voluntary departure pursuant to 8 U.S.C. § 1229c(a)(1). The Ninth Circuit held that Basulto-Pulido's waiver of his right to appeal did not bar his collateral attack.

---

[1] The government emphasizes the fact that *Basulto-Pulido* is an unpublished decision. However, under Federal Rule of Appellate Procedure 32.1, a court may not prohibit or restrict the citation of judicial opinions, orders, judgments, or other written dispositions that have been designated as "unpublished" if issued on or after January 1, 2007. *See also* Ninth Circuit Rule 36-6(b) (unpublished dispositions and orders issued on or after January 1, 2007 may be cited to in accordance with Fed. R. App. P. 32.1).

3

"Although it is uncontested that Basulto-Pulido was statutorily eligible for pre-hearing voluntary departure when he appeared before the IJ, she did not explain what pre-hearing voluntary departure was, nor did she provide him with the opportunity to apply for it. Consequently, Basulto-Pulido's waiver of his right to appeal the deportation order was not considered and intelligent, and was therefore invalid." *Basulto-Pulido*, 219 F.3d Appx. at 719 (reversing district court's order denying motion to dismiss indictment based on due process violation in underlying deportation proceeding); *see also United States v. Gonzalez*, 429 F.3d 1252, 1256 (9th Cir. 2005) ("A waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise . . . of this possibility and [to provide an] opportunity to develop the issue.").[2]

The government contends that unlike the defendant in *Basulto-Pulido*, here defendant was not eligible for voluntary departure because of his aggravated felonies, the DUI convictions. The government argues that at the time of defendant's 1998 deportation, defendant's California DUI felonies were considered "aggravated felonies," and that it is irrelevant that the Ninth Circuit later held that a violation the California DUI statute could not constitute an aggravated felony. *See United States v. Trinidad Aquino*, 259 F.3d 1140, 1146-47 (9th Cir. 2001). Thus, the government argues, because defendant could have been deported based on his aggravated felony, the IJ correctly informed defendant that he was ineligible for relief.

There are several problems with the government's argument. First, there is no dispute that while the initial immigration paperwork identified defendant as an aggravated felon, by the time of his 1998 deportation, he was *not* in fact deported on the basis of having committed an aggravated felony. *See* Falk Decl., Ex. G at AL 36 (stating that as of September 24, 1998, the ground for defendant's

---

[2] The government contends that aliens who wish to apply for voluntary departure under 8 U.S.C. § 1229c(a)(1) must request such relief, and that there is nothing in that statute or the implementing regulations that affirmatively requires IJs to inform aliens of their eligibility to apply for such relief. However, the Ninth Circuit has not distinguished between voluntary departure under § 1229c(a)(1) and other statutory provisions in the context of an IJ's obligation to inform aliens of their eligibility to apply for voluntary departure, and thus the Court finds this distinction unpersuasive. *See, e.g.*, *Basulto-Pulido*, 219 Fed. Appx. 717; *see also United States v. Nungaray-Rubalcaba*, 229 Fed. Appx. 436 (9th Cir. Apr. 10, 2007) (deportation proceeding violated due process when IJ failed to inform alien of eligibility for voluntary departure under § 1229c(a)); *United States v. Alonza-Mendoza*, 239 Fed. Appx. 330 (9th Cir. June 19, 2007) (same).

4

deportation was being an undocumented alien, not that he had been convicted as an aggravated felon); Ex. I at AL 19 (indicating that defendant was not checked off as "permanently excludable" due to any aggravated felony conviction, but instead was only excluded from the United States for a period of five years).

Second, the government conceded at oral argument that at the time of defendant's deportation, there was no authority – judicial decision or otherwise – holding that California DUI convictions were aggravated felonies. Instead, as the government acknowledges, "it was assumed" that such DUI convictions were aggravated felonies, and the cases cited by the government do not prove otherwise. The first is a habeas case, *Rosas-Paniagua v. Reno*, 76 F. Supp. 2d 1060 (N.D. Cal. 1999) (Alsup, J.), which simply recites in the factual background the fact that the Notice to Appear issued to the petitioner in that case alleged that he was deportable because he was an aggravated felon due to a DUI felony conviction. *Id.* at 1060-61. *Rosas-Paniagua* does not stand for the proposition that it was established by either federal or immigration courts that DUI felony convictions were considered aggravated felonies in 1998. The second case is a 1998 Board of Immigration Appeals decision which addresses the Arizona drunk driving statute, not the California statute under which defendant was convicted. *In re Magallanes-Garcia*, 22 I & N Dec. 1, 5 (B.I.A. 1998), 1998 BIA LEXIS 2, at *9-10.

The Court finds it significant that the Ninth Circuit case holding that California DUI convictions were not "aggravated felonies" does not state that the court is reversing any pronouncement of law, as opposed to interpreting the law in the first instance. In *Trinidad Aquino*, the Ninth Circuit addressed the issue *sua sponte*, and held that "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43) required a volitional act equivalent to recklessness. Because California's DUI statute could be violated through negligence, the court held that such violations could not be considered "aggravated felonies" for purposes of sentence enhancements. *Trinidad Aquino*, 259 F.3d at 1146-47.[3]

Accordingly, the Court finds that defendant was deported based upon being an undocumented alien and not on the basis of having committed an aggravated felony, and further that at the time of the 1998 deportation, it was not established that defendant's DUI convictions qualified as aggravated

---

[3] In *Trinadad Aquino*, the parties and the district court had assumed that the defendant's DUI conviction was an aggravated felony, and the court imposed a 16 level sentence enhancement as a result.

5

1 felonies. Thus, defendant was statutorily eligible to apply for voluntary departure. Because the IJ failed
2 to inform defendant that he could apply for such relief, defendant's waiver of his right to appeal was
3 invalid. As such, the Court holds that defendant has satisfied the exhaustion and deprivation
4 requirements in § 1326(d). *See Basulto-Pulido*, 219 Fed. Appx. at 719; *see also Ortiz-Lopez*, 385 F.3d
5 at 1204 n.2 (holding where IJ failed to inform defendant of eligibility for voluntary departure that he
6 "would have been deprived of the right to judicial review, because an alien who is not made aware that
7 he has a right to seek relief necessarily has no meaningful opportunity to appeal the fact that he was not
8 advised of that right.") (internal citation and quotations omitted)).

### 2. Prejudice

The government contends that defendant was not prejudiced by the IJ's failure to inform him about voluntary departure because he was an aggravated felon. As discussed above, defendant was not deported on the basis of being an aggravated felon, and it was not established in 1998 that defendant's DUI conviction qualified as an aggravated felony. The government also argues that defendant was not prejudiced because the record shows that the IJ considered the same factors that he would have considered in determining defendant's suitability for voluntary departure. The government notes that the IJ stated that no relief was available because of the defendant's history of drug use, and further argues that defendant's DUI arrests and sporadic employment history would have led the IJ to deny an application for relief.

The Ninth Circuit has held that to satisfy the prejudice requirement, a defendant "must show only 'that he had a plausible ground for relief from deportation.'" *Basulto-Pulido*, 219 Fed. Appx. at 719 (*quoting United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004)). In *Basulto-Pulido*, the Ninth Circuit held that the defendant established the prejudice requirement because he had a "plausible claim" for pre-hearing voluntary departure, and he "might have applied for and received this relief rather than conceding deportability, with its attendant harsh consequences." *Id*. The court noted that Basulto-Pulido's claim for voluntary departure was strengthened by his common-law marriage to a U.S. citizen and his three U.S. citizen children. *Id*. at n.1.

Here, defendant also has three U.S. citizen children and a U.S. citizen common-law wife. The

Court notes that the transcript of the hearing before the IJ reflects possible confusion on the IJ's part regarding defendant's drug use; the IJ asked defendant what he was "in for," and defendant responded "possession of drugs" and "driving drunk." In fact, defendant did not have any drug-related convictions, but was only incarcerated for the DUI convictions. In any event, the Court finds that defendant's history of drug use does not preclude a finding that defendant had a plausible claim for relief. *See Nungary-Rubalcaba*, 229 Fed. Appx. at 438 (defendant with drug convictions had plausible claim for voluntary departure). Moreover, the Court notes that defendant has also submitted the declaration of a family friend, Sally Dietz, who states that she would have assisted defendant with transportation costs and/or the cost of bail to enable him to voluntarily depart if such relief had been granted. *See generally* Dietz Decl. Accordingly, based on this record the Court finds that defendant had a plausible claim for voluntary departure, and thus has established that he was prejudiced by the IJ's failure to inform him of his eligibility for such relief.

### CONCLUSION

Because the IJ's failure to inform defendant of his eligibility for voluntary departure violated his due process rights, and because this violation caused defendant prejudice, the underlying order of deportation cannot be used as an element of a conviction under § 1326. Accordingly, the Court hereby GRANTS defendant's motion to dismiss and DISMISSES the indictment. (Docket No. 18).

**IT IS SO ORDERED.**

Dated: February 13, 2008

SUSAN ILLSTON
United States District Judge